IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA LLC,** :<br>    **Plaintiff** :<br> :<br>    v. :<br> :<br>**JOHN DOE, subscriber assigned IP** :<br>**address 174.55.233.190,** :<br> :<br>    **Defendant** : | **Civil No. 1:15-cv-1129**<br><br><br><br>**Judge Sylvia H. Rambo** |

## M E M O R A N D U M

In this internet copyright infringement action, Plaintiff claims that Defendant, identified at this time only by his or her IP address, used a file-sharing network to infringe Plaintiff's copyrighted motion pictures. (*See generally* Doc. 1.) Presently before the court is Plaintiff's motion for expedited discovery. (Doc. 5.) Plaintiff seeks to serve third-party subpoenas on an internet service provider ("ISP"), identified by a forensic investigator, prior to a Rule 26(f) conference in order to obtain the name and address of the unidentified defendant, who is associated with the identified Internet Protocol ("IP") address that was allegedly used to illegally copy and distribute Plaintiff's copyrighted work. For the following reasons, Plaintiff's motion to conduct expedited discovery with respect to the identified IP address will be granted, subject to the restrictions set forth in the accompanying order.

### I.      Background

Plaintiff, Malibu Media LLC (d/b/a "X-Art.com"), is a filmmaker and motion picture copyright holder that is responsible for the production of numerous commercially released motion pictures that are featured on X-Art.com, its subscription-based website. (Doc. 1, ¶ 8.) Plaintiff asserts the following facts in its

complaint (Doc. 1), motion for expedited discovery (Doc. 5), and brief in support thereof (Doc. 6). The court accepts the averments as true for purposes of this motion, without making any findings of fact.

Plaintiff claims that the individual associated with IP address 174.55.233.190 used the BitTorrent protocol to infringe on its exclusive rights by copying and distributing a large file containing 127 separate movies, despite Plaintiff holding a registered copyright for each . (Doc. 1, ¶¶ 2-4.) By way of background, BitTorrent is a common peer-to-peer file sharing system that allows users to distribute large amounts of data over the Internet. (Doc. 1, ¶ 12.) The BitTorrent protocol allows an individual user to copy a digital file from another user via download, and in turn, distribute the file to other users via upload. (*See id.* at ¶¶ 12-17.) For the file to be placed on the protocol, a user initially uploads a new file, such as a motion picture, which BitTorrent breaks up into multiple "bits." (*See id.* at ¶ 14.) BitTorrent allows many users to join on the network to download different pieces of the initial file from each other, rather than transferring a much larger digital file. (*See id.*) Once a user has downloaded all the pieces of the file, BitTorrent uses a unique identifier on each piece, known as a "hash value," to reassemble the pieces into a complete file so the user can play the downloaded file. (*See id.* at ¶¶ 16-18.) Although the individual user does not display his or her name while using BitTorrent, an individual exposes the IP address he or she is using when downloading or sharing a file.

Plaintiff engaged IPP International UG ("IPP International"), a forensic investigator, to identify direct infringers of its copyrighted Motion Pictures. (*Id*. at ¶ 19.) Utilizing forensic software, IPP International determined that an individual

using IP address 174.55.233.190, the John Doe Defendant in this matter, distributed at least one piece, which was identified by a unique hash value, of each of Plaintiff's Motion Pictures by using the BitTorrent protocol. (Doc. 1, ¶¶ 19-22; Doc. 1-3.) In other words, the John Doe Defendant allegedly used BitTorrent to obtain and distribute a complete copy of Plaintiff's works as enumerated in Exhibits A and B of the complaint. (Doc. 1, ¶ 21.) IPP International's software used geolocation technology to trace the identified IP address to a geographic area purportedly within the Middle District of Pennsylvania. (*Id.* at ¶¶ 6-7.)[1] Plaintiff alleges that it did not authorize or consent to the John Doe Defendant's reproduction or redistribution of the work. (*Id.* at ¶ 33.) Plaintiff's complaint asserts that the John Doe Defendant's aforementioned conduct constitutes direct copyright infringement.

On June 11, 2015, just two days after commencing the captioned action, Plaintiff filed the instant motion for expedited discovery, seeking leave to serve a subpoena upon Comcast Cable, the ISP associated with the IP address identified by IPP International. (*See* Doc. 5.) In the motion, Plaintiff asserts that only the ISP is able to determine the identity of the John Doe Defendant, as the ISP has the billing information for each account holder associated with each IP address. (*See* Doc. 6, pp. 9-10 of 13.) Plaintiff argues such expedited discovery is reasonable under the circumstances.

---

[1] In situations where a plaintiff files suit against then unnamed defendants, courts have accepted IP addresses as establishing a *prima facie* case of personal jurisdiction. *Malibu Media, LLC v. John Does 1-15*, Civ. No. 12-cv-2077, 2012 WL 3089383, *10 (E.D. Pa. July 30, 2012) (citations omitted). Plaintiff's factual assertion as to the location of the John Doe Defendant at the time of the alleged infringement establishes personal jurisdiction for purposes of the pending motion. Should the ISP or the John Doe Defendant make a showing contrary to this assertion, the court will reexamine the issue of personal jurisdiction.

## II.     **Legal Standard**

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).[2] Fed. R. Civ. P. 26(d)(1). However, courts have broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery. *See id.*

Courts faced with motions for expedited discovery requests to ascertain the identity of "John Doe" defendants in internet copyright infringement cases often apply the "good cause" or reasonableness standard.[3] *See Canal Street Films v. Does 1-22*, Civ. No. 13-cv-0999, 2013 WL 1775063, *2 (M.D. Pa. Apr. 25, 2013); *see also, e.g.*, *Samuel, Son & Co. v. Beach*, Civ. No. 13-cv-0128, 2013 WL 4855325, *3 (W.D. Pa. Sept. 11, 2013); *West Coast Prod. Inc. v. Does 1-169*, Civ. No. 12-cv-5930, 2013 WL 3793969, *1 (D.N.J. July 19, 2013); *Leone v. Towanda Borough*, Civ. No. 12-cv-0429, 2012 WL 1123958, *2 (M.D. Pa. Apr. 4, 2012) (citing *Kone Corp. v. Thyssenkrupp USA, Inc.*, Civ. No. 11-cv-0465, 2011 WL 4478477, *3 (D. Del. Sept. 26, 2011)).

---

[2] Federal Rule of Civil Procedure 26(f) provides that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Parties need not await the scheduling of a Rule 16 conference before holding a Rule 26(f) conference.

[3] Some district courts in the Third Circuit have applied an injunctive relief standard. *See Leone v. Towanda Borough*, Civ. No. 12-cv-0429, 2012 WL 1123958, *2 (M.D. Pa. Apr. 4, 2012). The injunctive relief standard is more stringent and requires the moving party to demonstrate: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury that the defendant will suffer if the expedited relief is granted. *Gucci Am., Inc. v. Daffy's Inc.*, Civ. No. 00-cv-4463, 2000 WL 1720738, *6 (D.N.J. Nov. 14, 2000) (quoting *Notaro v. Koch*, 95 F.R.D. 493, 405 (S.D.N.Y. 1982)). As noted by the *Leone* Court, the Third Circuit has not yet adapted a clear standard, however, the recent trend among courts in this circuit favors the "good cause" or reasonableness standard. *Leone*, 2012 WL 1123958 at *2. The court applies this standard to Plaintiff's motion.

On ruling on a motion for expedited discovery, the court should consider the "entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Modern Woman, LLC v. Does I-X*, Civ. No. 12-cv-4858, 2013 WL 888603, *2 (D.N.J. Feb. 27, 2013) (citing *Better Packages, Inc. v. Zheng*, Civ. No. 05-cv-4477, 2006 WL 1373055, *2 (D.N.J. May 17, 2006)). Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant. *Leone*, 2012 WL 1123958 at *2; *Fonovisa, Inc. v. Does 1-9*, Civ. No. 07-cv-1515, 2008 WL 919701, *10 n.22 (W.D. Pa. Apr. 3, 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

### III. Discussion

The reasonableness standard requires the court to consider the "actual circumstances of this case, as well as . . . certain factors such as . . . the need for discovery, and the breadth of the moving party's discovery requests." *Kone Corp.*, 2011 WL 4478477 at *6 (quoting *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004)). In the matter *sub judice*, the actual circumstances favor expedited discovery and satisfy the reasonableness standard.

For purposes of the instant motion, Plaintiff asserts a *prima facie* claim of copyright infringement.[4] Moreover, Plaintiff has no way to identify the alleged

---

[4] To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc.*
(continued...)

infringer, apart from serving a subpoena on the identified ISP. Accordingly, without granting the pending motion, Plaintiff can neither identify nor serve John Doe Defendant, and this action cannot proceed. Furthermore, Plaintiff asserts that, because the protocol does not have a central server, the only way Plaintiff can prevent the continued illegal distribution of its work is to take legal action. Thus, identifying and serving the alleged infringer is the only method through which Plaintiff can protect its copyright interests. Finally, the expedited discovery requested relates to serving subpoenas upon Comcast Cable to gather the John Doe Defendant's account information for the purpose of properly identifying the alleged infringer and serving the complaint. Thus, Plaintiff's expedited discovery request appears reasonable and not overbroad.

Although the court concludes that the request for expedited discovery is reasonable under the circumstances, in light of the unavoidable *ex parte* nature of such a request, the court finds it prudent to incorporate some protections to avoid any unintended consequences of the disclosure of the John Doe Defendant's information. Other district courts have expressed similar concerns and have incorporated conditions intended to curtail unfettered expedited discovery in similar copyright infringement actions. *See, e.g.*, *Vision Films, Inc. v. John Does 1-24*, Civ. No. 12-cv-1746, 2013 WL 1163988, *5-6 (D. Del. Mar. 20, 2013) (citing *Digital Sin*

---

⁴(...continued)
*v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 548 (1985)). Here, Plaintiff satisfies both elements. First, Plaintiff avers that it is the copyright holder for each of the Motion Pictures. (*See* Doc. 1, ¶ 3; *see also* Doc. 1-3, Exhibit B.) In addition, Plaintiff asserts that the John Doe Defendant, through the use of BitTorrent, illegally copied, reproduced, and distributed the eighteen Motion Pictures. (Doc. 1, ¶¶ 2, 20; Doc. 1-2, Exhibit A.) Therefore, the court finds that Plaintiff has adequately set forth a *prima facie* claim of copyright infringement for purposes of the motion *sub judice*. *See Malibu Media*, 2012 WL 3089383 at *7.

*v. Does 1-176*, 279 F.R.D. 239, 244-45 (S.D.N.Y. 2012)). Accordingly, the court will grant Plaintiff's motion, subject to the conditions set forth in the accompanying order.

**IV.** **Conclusion**

For the foregoing reasons, the court finds that Plaintiff has established a *prima facie* claim for copyright infringement for purposes of the instant motion and that Plaintiff is unable to identify the John Doe Defendant beyond his or her IP address, 174.55.233.190. Moreover, the court finds that Plaintiff's request for expedited discovery is narrowly tailored. Accordingly, the court concludes that Plaintiff's request for expedited discovery is reasonable under the circumstances. Therefore, Plaintiff's motion (Doc. 5) will be granted.

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: June 18, 2015.